# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJIE BROOKINS, | CASE NO. 1:05-CV-0413-OWW-DLB-P |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE DENIED |
| v. | |
| R. VOGEL, et al., | (Doc. 30) |
| Defendants. | |

I.  Defendant's Motion to Dismiss

   A.  Procedural History

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on plaintiff's complaint, filed March 28, 2005, against defendants Vogel, Hayward, Olivas and Oliver ("defendants") alleging retaliatory use of excessive force during a cell extraction on June 9, 2004.  On July 7, 2006, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies.  Plaintiff filed an opposition to the motion on August 1, 2006.[1]  Defendants did not file a reply.

   B.  Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on November 22, 2005.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

1

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

C.   Discussion

Plaintiff filed his complaint on March 28, 2005 alleging retaliatory use of excessive force during a cell extraction on June 9, 2004. In the complaint, Plaintiff alleges he submitted a timely inmate appeal on June 20, 2004; however, the appeals office informed him that this appeal was never received. Plaintiff contends his subsequent attempts to submit an inmate appeal concerning the events of June 9, 2004 were rejected as untimely. Defendants move to dismiss this action on the ground that plaintiff did not exhaust the claim against him, as mandated by section 1997e(a). Defendants rely on plaintiff's admission in the complaint that his initial appeal was never received and that his subsequent attempts to submit appeals were rejected as untimely.

Plaintiff contends that exhaustion should be excused because defendants prevented him from

2

completing the process. Plaintiff outlines his attempts to file his appeal in both his complaint and his opposition to defendants' motion to dismiss. He states that on June 20, 2004, while confined to his cell, he borrowed pen, paper and a 602 form from another inmate and then gave the appeal Officer Valesco. Plaintiff's Opposition, p. 5:19-28, Complaint, ¶ 29. Plaintiff states that he filed handwritten copies of the June 20, 2004 grievance on June 24, 2004, July 7, 2004, July 13, 2004, August 3, 2004, August 13, 2004 and on July 8, 2004 plaintiff hand delivered a copy of the grievance to Sergeant Edwards. Opposition, p. 6:1-7; Complaint ¶ 31. Plaintiff contends each grievance was lost by staff. On July 8, 2004, Officer Edwards informed plaintiff that the Appeals Office did not have plaintiff's appeals on file. Complaint, ¶ 31. Plaintiff states that he sent a request for an interview to the Appeals Office on July 19, 2004 and the Appeals Office claimed it never received his appeals. Opposition, p. 6: 14-19, Complaint, ¶ 33. On August 19, 2004, plaintiff sent a sealed letter to the Warden enclosing a copy of the June 20, 2004 Appeal. Opposition, p. 7:16-22, Complaint, ¶ 38. On August 25. 2004, the Appeals Coordinator's Office rejected the appeal as untimely. Opposition, p. 7:23-25, Complaint, ¶ 39. Plaintiff filed a request for reconsideration with the Appeals Coordinator's Office explaining that his original grievance was filed on June 20, 2004. Opposition, p. 7:25-28, Complaint, ¶39. On August 29, 2004, plaintiff sent a request for reconsideration to the Director of Corrections which was screened out as untimely. Opposition, p. 8:17-19, Complaint, ¶ 41. On September 9, 2006, plaintiff sent a second letter requesting reconsideration to the Appeals Coordinator's Office, which was also denied. Opposition, p. 9: 1-21, Complaint ¶¶ 45, 46. Plaintiff's subsequent efforts to seek reconsideration of the timeliness issue were also rejected. *See* Opposition, p.11-12, Complaint, ¶¶ 49, 54, 62, 65.

The California Department of Corrections has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1. The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

Under Ngo v. Woodford, 403 F.3d 620, 631 (9th Cir. 2005), exhaustion occurred when an inmate's appeal was barred by the appeals coordinator on procedural grounds and "no further level of appeal remained in the state prison's internal appeals process." However, on June 22, 2006, the United States Supreme Court reversed the Ninth Circuit's decision in Ngo and held that "*proper* exhaustion of administrative remedies is necessary" and the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." Woodford v. Ngo, 126 S.Ct. 2378 (2006) (emphasis added). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ." Id at 2386.

Although there are no Ninth Circuit Court cases on point, other Circuit Courts have addressed the issue of the effect of prison officials' failure to respond to grievances in a timely manner, and held that exhaustion occurs when prison officials fail to respond to a grievance within the policy time limits. Boyd v. Corrections Corp. of America, 380 F.3d 989, 996 (6th Cir. 2004) (administrative remedies are exhausted when prison officials fail to timely respond to properly filed grievance); Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002) (the failure to respond to a grievance within the policy time limits renders remedy unavailable); Lewis v. Washington, 300 F.3d 829, 833 (7th Cir. 2002) (when prison officials fail to respond, the remedy becomes unavailable, and exhaustion occurs); Foulk v. Charrier, 262 F.3d 687, 698 (8th Cir. 2001) (district court did not err when it declined to dismiss claim for failure to exhaust where prison failed to respond to grievance); Powe v. Ennis, 177 F.3d 393, 394 (5th Cir. 1999) (when a valid grievance has been filed and the state's time for responding has expired, the remedies are deemed exhausted).

Here, defendants provide no evidence in support of their motion and rely entirely on the allegations in plaintiff's complaint. Defendants argue that based on plaintiff's complaint, his appeals were untimely and his claim should be dismissed pursuant to Woodford v. Ngo . Defendants argue there are no exceptions to the statutory exhaustion requirement and therefore plaintiff's proffered excuse is irrelevant. The Court disagrees.

In Ngo, the Court briefly addressed the situation of prison administrators potentially devising procedural requirements that are designed to trap unwary prisoners and thus defeat their claims. Because no evidence was presented that anything like that occurred in the case before the Court, the

Supreme Court declined to address this situation, but implied such an exception to exhaustion may exist. *See* <u>Ngo</u>, 126 S.Ct at 2392-93. In his concurrence, Justice Breyer also reasoned that the PLRA's proper exhaustion requirement is not absolute and certain facts may justify exceptions. <u>Ngo</u>, 126 S.Ct at 2393.

Based on plaintiff's allegations, he timely submitted an appeal that was apparently lost or not processed by prison staff. Even after the appeal was rejected as untimely, plaintiff continued to appeal the rejection. Defendants have presented no evidence in opposition to plaintiff's assertion that he was prevented from complying with the exhaustion requirement. Viewing the facts in the light most favorable to plaintiff, the non-moving party, defendants prevented plaintiff from exhausting the administrative remedies and therefore the Court finds that this case presents the situation referenced by the <u>Ngo</u> court where an exception to the exhaustion requirement should apply. Because the burden of proving a violation of Section 1997e(a) rests with defendants and they have failed to meet their burden, the court finds dismissal for failure to exhaust administrative remedies pursuant to Section 1997e(a) is not warranted.

D. <u>Conclusion</u>

For the foregoing reasons, the Court HEREBY RECOMMENDS that defendants' unenumerated Rule 12(b) motion, filed July 7, 2006, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 28, 2006**          /s/ **Dennis L. Beck**
3b142a                               UNITED STATES MAGISTRATE JUDGE